IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANGELA SCHUNCEY RICHARDSON
ADC #712575                                                                                                    PLAINTIFF

v.                                           Case No. 1:16-cv-00154-KGB JTK

COURTNEY PORCHIA, *et al.*                                                                           DEFENDANTS

## ORDER

The Court has received the Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 140). Before the Court are plaintiff Angela Schuncey Richardson's motion for copies, requesting a copy of the August 25, 2021, evidentiary hearing transcript, and motion for extension of time, requesting an additional 14 days to file her objections to the Proposed Findings and Recommendations (Dkt. Nos. 141; 142). Before the Court could rule on either of Ms. Richardson's motions, Ms. Richardson filed her objections brief to the Proposed Findings and Recommendations (Dkt. No. 144). The Court, therefore, denies as moot Ms. Richardson's motion for copies (Dkt. No. 141). The Court grants Ms. Richardson's motion for extension of time to file her objections and considers timely her objections filed October 4, 2021 (Dkt. No. 142).

Also before the Court are Ms. Richardson's motions for status update inquiring about the status of the Court's review of Judge Kearney's Proposed Findings and Recommendations (Dkt. Nos. 148; 149). The Court grants Ms. Richardson's motions for status update; the Court considers this Order a response to those motions (Dkt. Nos. 148; 149).

After careful consideration of the Proposed Findings and Recommendations, and a *de novo* review of the record, the Court adopts, in part, and declines to adopt, in part, the Proposed Findings and Recommendations.

In her objections to the Proposed Findings and Recommendations, Ms. Richardson complains that the case relied upon by Judge Kearney to set forth the standard for establishing an Eighth Amendment sexual harassment or abuse claim, *Freitas v. Ault*, is no longer applicable because it was decided before the United States Congress passed the Prison Rape Elimination Act ("PREA") (Dkt. No. 144, 5). 109 F.3d 1335, 1338 (8th Cir. 1997). Further, Ms. Richardson points out that in contrast to *Freitas*, where the Eighth Circuit Court of Appeals concluded that "welcome and voluntary sexual interactions, no matter how inappropriate, cannot as matter of law constitute "pain" as contemplated by the Eighth Amendment," the ADC's PREA policy has a "Zero Tolerance" to all forms of sexual abuse and harassment, and she asserts that "[i]t is now against the law for staff to consent to consensual encounters with inmates and sexual harassment." (Dkt. No. 144, at 5, 8).

Ms. Richardson's objections are not persuasive. Judge Kearney focused on the appropriate standard for establishing an Eighth Amendment claim of sexual abuse or harassment like the one at issue in this case, and the PREA did not alter the standard for establishing an Eighth Amendment violation. Further, the PREA did not establish a private right of action that permits an inmate, like Ms. Richardson, to sue for a violation of the PREA. *See O'Laughlin v. FMC*, Case No. 20-cv-2641 (SRN/LIB), 2021 WL 2301958, at *1 (D. Minn. Feb. 1, 2021), *report and recommendation adopted,* Case No. 20-cv-02641SRNLIB, 2021 WL 2134956 (D. Minn. May 26, 2021) (citing *Evenstad v. Schnell*, Case No. 20-CV-0864 (SRN/LIB), 2020 WL 3806147, at *2 n. 2 (D. Minn. May 14, 2020) (collecting cases); *Krieg v. Steele*, 599 Fed. App'x 231, 232–33 (5th Cir. 2015) (per curiam) (same)).

Ms. Richardson attaches several exhibits to her objections (Dkt. No. 144, at 10-61). The Court concludes that Ms. Richardson has not explained sufficiently why the exhibits that she now

seeks to present, including affidavits, were not presented at the evidentiary hearing. On June 8, 2021, the Court notified the parties that it would conduct an evidentiary hearing on August 25, 2021 (Dkt. Nos. 126; 132). The Court gave Ms. Richardson ample time to prepare for the evidentiary hearing and to gather her evidence. Nevertheless, the Court has reviewed the exhibits attached to Ms. Richardson's objections and concludes that the information contained in the exhibits fails to rebut the Proposed Findings and Recommendations.

Because Ms. Richardson's objections and exhibits attached to the objections break no new ground, the Court adopts the Proposed Findings and Recommendations related to Ms. Richardson's Eighth Amendment sexual abuse and harassment claims against Nurse Porchia and dismisses with prejudice Ms. Richardson's claims against Nurse Porchia (Dkt. No. 8).

The Court ordered the Clerk to enter default judgment against separate defendant Alexzandria Cofield, and the Clerk entered a Clerk's Default against Ms. Cofield (Dkt. Nos. 70; 71). The Court held a hearing on the default judgment on February 12, 2020, at which Ms. Cofield appeared and offered testimony (Dkt. No. 99). After a careful review of the Proposed Findings and Recommendations, and a *de novo* review of the record, the Court declines to adopt Judge Kearney's recommendation that the Court deny Ms. Richardson's motion for default judgment against Ms. Cofield without first vacating the Clerk's entry of default judgment against Ms. Cofield (Dkt. No. 140, at 16, ¶ 1). Given the circumstances in this case, the Court vacates the Clerk's entry of default judgment against Ms. Cofield. *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783-84 (8th Cir. 1998). Further, because the Court finds that Nurse Porchia's actions did not violate Ms. Richardson's Eighth Amendment rights and given the nature of the allegations against Ms. Cofield, the Court agrees with Judge Kearney that the Court must dismiss Ms. Richardson's claim that Ms. Cofield failed to protect her from sexual assault or harassment in

violation of Ms. Richardson's constitutional rights (*see* Dkt. No. 140, at 15). For these reasons, the Court vacates the Clerk's entry of default judgement (Dkt. No. 71). The Court denies Ms. Richardson's motion for default judgment against Ms. Cofield (Dkt. No. 66). The Court dismisses with prejudice Ms. Richardson's claims against Ms. Cofield (Dkt. No. 8).

The Court orders the following:

(1) The Court, therefore, denies as moot Ms. Richardson's motion for copies (Dkt. No. 141).

(2) The Court grants Ms. Richardson's motion for extension of time to file her objections and considers timely her objections filed October 4, 2021 (Dkt. No. 142).

(3) The Court grants Ms. Richardson's motions for status update; the Court considers this Order a response to those motions (Dkt. Nos. 148; 149).

(4) The Court adopts, in part, and declines to adopt, in part, the Proposed Findings and Recommendations (Dkt. No. 140).

   (a) Specifically, the Court adopts the Proposed Findings and Recommendations related to Ms. Richardson's Eighth Amendment sexual abuse and harassment claims against Nurse Porchia and dismisses with prejudice Ms. Richardson's claims against Nurse Porchia (Dkt. No. 8).

   (b) The Court declines to adopt Judge Kearney's recommendation that the Court deny Ms. Richardson's motion for default judgment against Ms. Cofield without first vacating the Clerk's entry of default judgment against Ms. Cofield (Dkt. No. 140, at 16, ¶ 1).

   (c) The Court orders the Clerk's entry of default judgement against Ms. Cofield vacated and denies Ms. Richardson's motion for default judgment against Ms. Cofield (Dkt. Nos. 66; 71).

(d) The Court dismisses with prejudice Ms. Richardson's failure to protect claim against Ms. Cofield and dismisses Ms. Richardson's amended complaint (Dkt. No. 8).

So ordered, this the 31st day of March, 2022.

                                                                                      _/s/ Kristine G. Baker_
                                                                                      Kristine G. Baker
                                                                                      United States District Judge